Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 967 | **DATE** | June 20, 2000 |
| **CASE TITLE** | Estate of Andrew N. Jay, a minor   v   Associates' Health & Welfare | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, plaintiff's motion to remand is granted and this cause is ordered remanded to the Circuit Court of the Twelfth Judicial Circuit, County of Will, Illinois.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 6 2000 date docketed | 8 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | *eav* docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | 6/20/00 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ESTATE OF ANDREW N. JAY, a minor, )
)
    Plaintiff, )
)
    v. )    No.   00 C 0967
)
)    Judge Robert W. Gettleman
ASSOCIATES' HEALTH AND WELFARE )
PLAN, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

On February 14, 2000, plaintiff, the Estate of Andrew N. Jay, filed a Motion to Adjuticate Lien in the Circuit Court of the Twelfth Judicial Circuit, County of Will, Illinois, which requested the state court to adjuticate the lien of defendant, Associates' Health and Welfare Plan, by applying the Illinois Common Fund Doctrine and reducing the defendant's lien by one-third.[1] On February 16, 2000, defendant filed a Notice of Removal of Action to federal court maintaining that because plaintiff's underlying claim implicates rights under § 502(a)(3) of ERISA, plaintiff's state claim is completely preempted. Accordingly, defendant claimed that this court has original jurisdiction under 28 U.S.C. § 1331. On March 6, 2000, plaintiff moved to remand, asserting that because the Common Fund Doctrine is a claim that arises solely from state law, the claim should rightfully be resolved by an Illinois state court. For the reasons set forth below, plaintiff's Motion for Remand is granted.

---

[1] Under the Illinois Common Fund Doctrine, a party who creates, preserves or increases the value of a fund in which others have an ownership interest may be reimbursed from that fund for litigation expenses. Blackburn v. Sundstrand, 115 F.3d 493, 496 (7th Cir. 1997).



## Background

On March 6, 1996, Andrew Jay, the dependant son of Jeanie Jay, was injured as the result of a dog bite. As an employee of Wal-Mart Stores Inc., Jeanie Jay and her dependents were covered by the defendant, a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Pursuant to a Medical Loan Agreement, in which Jeanie Jay, on behalf of Andrew Jay, agreed to reimburse defendant to the extent of any settlement made relating to the dog-bite injury, defendant paid Andrew Jay's medical expenses, totaling $8,870.41. Without a lawsuit being commenced, Andrew Jay, through his guardian Jeanie Jay, agreed to settle his claim against the owner of the dog, David Jay, for the sum of $51,867.00. Subsequently, plaintiff filed a state action to adjuticate defendant's lien.

## Discussion

Defendant argues that plaintiff's claim is completely preempted under § 502(a) of ERISA. As the court explained in <u>Jass v. Prudential Health Care Plan, Inc.</u>, 88 F.3d 1482, 1487 (7th Cir. 1996), in order to determine whether a claim is within the scope of § 502(a) of ERISA, three factors are examined:

> (1) whether the "plaintiff" [i]s eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a), and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. [Iinternal quotation marks and citations omitted.]

Although plaintiff is entitled to bring a claim under the Wal-Mart plan, its motion to adjuticate the Plan's lien is not a cause of action that falls within the scope of an ERISA provision, nor does its state law claim require resolution of an interpretation of the contract governed by federal law. As the court in Speciale v. Seybold, 147 F.3d 612, 617 (7th Cir. 1998), explained, where the plaintiff's claim does not involve the interpretation of contract terms under ERISA, there is no complete preemption under § 502(a). Consequently, plaintiff's claim is not completely preempted under § 502(a) of ERISA.

This case is directly controlled by Speciale, in which Kimberly Speciale was injured in an automobile accident. As an employee of Wal-Mart Stores, Inc., Speciale was covered by the Associates' Health and Welfare Plan, defendant in the instant case. The Plan, on the condition that Speciale reimburse it to the extent of any settlement made relating to the accident, paid the majority of Speciale's medical expenses. After filing a separate tort claim against Seybold, the party responsible for the automobile accident, Speciale agreed to settle the claim. Subsequently, Speciale filed a Motion to Adjuticate Liens. Wal-Mart's plan administrator removed the action to federal court under 28 U.S.C. § 1441 (b), maintaining that because the Plan arose under and was governed by ERISA, Speciale's motion to adjuticate was completely preempted. Concluding that Speciale's claim was preempted under § 502(a) of ERISA, 29 U.S.C. § 1132(a), the district court awarded Wal-Mart the full amount of the settlement less a reasonable attorney's fee. Speciale appealed, alleging that the cause was erroneously removed to federal court and should have remained in the state court for lien adjudication. The court of appeals held that in a state cause of action where there are adversarial claims to a settlement fund between an ERISA plan and other interested parties, as here, there is no preemption under § 502(a) of ERISA. Id. at

3

617. As the court explained, the allocation of funds is a matter for the state court under which original jurisdiction arose. Id. See also, Blackburn v. Sundstrand Corp., 115 F.3d 493 (7th Cir. 1997).

Though defendant attempts to distinguish Speciale from the instant case by differentiating between subrogation and reimbursement rights, defendant's argument that Speciale is inapplicable is without merit. According to defendant, because the plaintiff's claim in Speciale sought to interpret the defendant's subrogation interests, which arise under state law, rather than its reimbursement rights, which are governed by ERISA, it is distinguishable from the instant case in which defendant has asserted its reimbursement rights. That is, according to defendant because the instant case concerns reimbursement rights governed by ERISA rather than subrogation rights, it is distinguishable from Speciale. Defendant, however, mischaracterizes the instant case. Contrary to defendant's assertions, plaintiff does not challenge defendant's reimbursement rights. Rather, plaintiff's claim seeks only to adjuticate defendant's lien pursuant to the Illinois Common Fund Doctrine, a state law claim. Consequently, contrary to defendant's assertions, the present case is not distinguishable from Speciale.

Administrative Committee v. Gauf, 188 F. 3d 767 (7th Cir. 1999), cited by defendant, does not alter this conclusion. In Gauf, the defendant, Patricia Gauf, was injured after an automobile accident. As an employee of Wal-Mart Stores Inc., Gauf was covered under Wal-Mart's Associates' Health and Welfare Plan. The Plan reimbursed Ms. Gauf for her medical treatment on the condition that Ms. Gauf reimburse the plan to the extent of any judgment or settlement received relating to the accident. In a separate tort action against the driver of the other automobile involved in the accident, Ms. Gauf received a verdict in her favor and collected

4

$36,000. Subsequently, the plaintiff, the Administrative Committee of the Associates' Health and Welfare Plan ("the Committee"), sought an order in federal court compelling Ms. Gauf to reimburse the Plan for the benefits it had paid to her relating to the accident. The Committee based its claim on the ERISA governed plan. Therefore, Gauf presented the opposite scenario than the one presented in Speciale, Blackburn, and the instant case. Indeed, the Gauf court recognized this distinction and cited Speciale and Blackburn with approval. Id. at 771. Whereas the plaintiff's complaint in Gauf was based on a provision in an ERISA governed plan and stated a claim under § 502(a)(3) of ERISA, plaintiff's claim in the instant case is brought to apportion funds, pursuant to state law. Although defendant invokes § 502(a)(3) of ERISA as a defense to plaintiff's motion, the issues raised in plaintiff's complaint, not those added in defendant's response, control the litigation. Jass, 88 F. 3d at 1482. Consequently, because plaintiff's Motion to Adjuticate Lien was based on the Illinois Common Fund Doctrine and not the ERISA based plan, this case is distinguishable from Gauf.

## Conclusion

For the reasons set forth above, plaintiff's motion to remand is granted.

**ENTER:** **June 20, 2000**

**Robert W. Gettleman**
**United States District Judge**

5